**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Case No. 14-cv-01200-RM

IN RE: ROBERT CHARLES CAIN, Debtor.

MEDICAL LIEN MANAGEMENT, INC.,

    Plaintiff -Appellant,

v.

ROBERT CHARLES CAIN,

    Defendant-Appellee.

---

**ORDER**

---

This matter is before the Court *sua sponte* regarding the order referring this matter to Magistrate Judge Hegarty. (*See* ECF No. 21.)

For the reasons stated below, the Court vacates its order of reference (ECF No. 21).

**I.    BACKGROUND**

On April 29, 2014, pursuant to 28 U.S.C. § 158(c)(1)(A), Medical Lien Management, Inc. ("MLM") filed its notice of appeal and statement of election to have the United States District Court for the District of Colorado hear its appeal of an order from the United States Bankruptcy Court for the District of Colorado. (ECF Nos. 2, 3.)  This matter was initially assigned to Judge John L. Kane. (ECF No. 1.)

Pursuant to Local Rule 40.1 and the District of Colorado's Pilot Program providing for the direct assignment of cases to Magistrate Judges, on August 1, 2014, this matter was reassigned to Magistrate Judge Michael E. Hegarty. (ECF No. 12.)  On August 14, 2014, MLM

filed a non-consent form in which it indicated at least one party to this matter did not consent to proceeding before Magistrate Judge Hegarty. (ECF No. 15.)

Next, this matter was reassigned to Judge Wiley Y. Daniel as full consent to proceed before the Magistrate Judge was not achieved. (ECF No. 17.) Senior Judge Daniel exercised his prerogative as a Senior Judge and requested that this matter be reassigned. (ECF No. 18.)

On August 20, 2014, this matter was then reassigned to the Court. (ECF No. 19.)

Subsequently, on September 26, 2014, MLM filed a notice of consent to the jurisdiction of a Magistrate Judge and specifically requested that the matter be reassigned to Magistrate Judge Hegarty. (ECF No. 20.)

The Court, pursuant to 28 U.S.C. § 636, then ordered this matter referred to Magistrate Judge Hegarty upon the consent of both parties. (ECF No. 21.)

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(c)(4), the Court, "may, for good cause shown on its own motion, . . . vacate a reference of a civil matter to a magistrate judge under this subsection." The Federal Rules of Civil Procedure also provide that the Court may vacate a referral to a magistrate judge. Fed. R. Civ. P. 73(b)(3).

## III. ANALYSIS

"The power to cancel a reference, taken together with the retention by Article III judges of the power to designate magistrate positions and to select and remove individual magistrates, provides Article III courts with continuing, plenary responsibility for the administration of the judicial business of the United States." *Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*, 725 F.2d 537, 546 (9th Cir. 1984) (en banc), *cert. denied*, 469 U.S. 824 (1984).

The initial refusal of one of the parties to proceed before Magistrate Judge Hegarty (ECF No. 15), followed by the reassignment of this matter to the Court from Judge Daniel (ECF No. 19), followed by the parties' achieving unanimous consent to proceed before a Magistrate Judge and specifically requesting a reference to Magistrate Judge Hegarty (ECF No. 20) is questionable. The parties provided no basis for their change of heart regarding a reference to the Magistrate Judge. The Court finds "good cause" for vacating the order of reference (ECF No. 21) based upon the questionable transition from non-consent to consent regarding submitting to the jurisdiction before a Magistrate Judge subsequent to the reassignment of the case to the Court. And the Court feels that it is appropriate for an Article III judge to review an order of an Article I bankruptcy judge.

**IV.    CONCLUSION**

Based upon the foregoing, the Court VACATES the order of reference (ECF No. 21).

DATED this 10th day of November, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge